IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES WILLIAM GILBERT, JR., | § | |
| TDJC-CID NO.1247228, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-3602 |
| | § | |
| STATE OF TEXAS, | § | |
|     Defendant. | § | |

OPINION ON DISMISSAL

Petitioner Charles William Gilbert, Jr., a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), has filed a petition for federal habeas corpus relief to challenge the legality of his continued incarceration. For reasons that follow, the Court will dismiss the petition because petitioner has failed to exhaust available state court remedies.

I.    DISCUSSION

Petitioner reports that he was convicted on March 6, 2004, in a Bell County, Texas state district court of aggravated sexual assault of a child, upon a plea of *nolo contendere*. He was sentenced to five years confinement in TDCJ-CID. Petitioner claims he has fulfilled his obligation to the State because he has accumulated 100% of his time while incarcerated and should now be released on parole. (Docket Entry No.7).

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. *See Coleman v. Thompson*, 501 U.S. 722 (1991). Those statutes provide in pertinent part as follows:

    (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

        (A)  the applicant has exhausted the remedies available in the courts of the State; or

        (B)(i)  there is an absence of available State corrective process; or

        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

        \* \* \* \*

    (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). In Texas, exhaustion may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a Petition for Discretionary Review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals. *Myers v. Collins*, 919 F.2d 1074 (5th Cir. 1990).

Time credit claims, however, filed after January 1, 2000, are cognizable in Texas on a writ of habeas corpus if the inmate seeking time credit relief first exhausts administrative remedies by complying with Section 501.0081 of the Texas Government Code. *Ex parte Dunlap*, 166 S.W.3d 268, 269 (Tex. Crim. App. 2005). Section 501.0081 prohibits an inmate challenging the time credited on his sentence from filing a state application for writ of habeas corpus until he receives

a written decision from the State or if no written decision is issued, until the 180th day after he filed the time credit claim.  TEX. GOVT CODE ANN. § 501.0081(b) (Vernon 2004).

Petitioner has neither alleged nor demonstrated that he presented any of his claims to the Texas Court of Criminal Appeals in accordance with state law; therefore, he has presented unexhausted claims in the pending petition.  As such, his petition is subject to dismissal under 28 U.S.C. § 2254.

Even if petitioner had exhausted his administrative remedies, his petition would be subject to dismissal because his claims are frivolous.  An inmate does not have a constitutional right to conditional release prior to the expiration of a valid sentence.  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Moreover, a Texas inmate has no constitutionally protected right to parole because the relevant Texas statutes do not create an expectation of release that would implicate due process considerations.  *Johnson v. Rodriguez*, 110 F.3d 299, 305 (5th Cir. 1997).  Such release is entirely speculative.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  Therefore, to the extent that petitioner complains of the denial of parole, his complaint is subject to dismissal.

II.     CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the court's ruling debatable. Therefore, a certificate of appealability from this decision will not issue.

III.   CONCLUSION

For these reasons, the Court ORDERS as follows:

1. The petition is DISMISSED with prejudice.

2. A certificate of appealability is DENIED.

3. All pending motions, if any, are DENIED.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas this 5th day of January, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

4